IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. HARRISON,

        Plaintiff,                    1: 08 cv 01065 YNP GSA (PC)

        vs.                               ORDER RE MOTION (DOC 21)

D. ADAMS, et al.,

        Defendants.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Pending before the Court is Plaintiff's motion for a preliminary injunction.

      Plaintiff filed his motion on January 7, 2009, requesting an injunction in the form of an order directing correctional officials at Wasco State Prison to rescind their policy of requiring inmates transported to Mercy Hospital in Bakersfield to be shackled. Specifically, Plaintiff contends that the security at the hospital is such that it is unnecessary, in his view, to shackle inmate patients to their hospital bed.

      The purpose of a preliminary injunction is to preserve the status quo of the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure

the positions until the merits of the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips in its favor." <u>Arcamuzi v. Continental Airlines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id</u>.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.  <u>Zepeda  v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).

This action proceeds on the May 25, 2009, Second Amended Complaint.  The claims in this action stem from allegations of conduct by correctional officials at Corcoran State Prison.  There are no Wasco State Prison defendants before the Court.  The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court.  <u>Zepeda v. United States I.N.S.</u>, 753 F.2d 719, 727 (9th Cir. 1983).  Further, court records indicate that Plaintiff is not housed at Wasco State Prison.  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such

1  relief become moot when he is no longer subjected to those conditions.  See Weinstein v.
2  Bradford, 423 U.S. 147 (1975); Enrico's, Inc. v. Rice, 730 F.2d 1250, 1255 (9th Cir. 1984).
3      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for injunctive relief is
4  denied.

7     IT IS SO ORDERED.

8     **Dated:   August 17, 2009**             /s/ **Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE