# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. HARRISON,             CASE NO. 1:08-cv-01065-YNP PC

          Plaintiff,           ORDER RE MOTIONS

      v.                  (Doc. 34, 37, 45, 47)

D. ADAMS, et al.,

          Defendants.

_____/

     Plaintiff Michael D. Harrison ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Before the Court are four motions from Plaintiff. On July 7, 2009, Plaintiff filed a motion for screening of his complaint. (Doc. #34.) On July 27, 2009, Plaintiff filed a motion requesting that his appeal be granted and that the district court screen Plaintiff's complaint. (Doc. #37.) On September 16, 2009, Plaintiff filed a motion for leave to file a third amended complaint. (Doc. #45.) On January 7, 2010, Plaintiff filed a motion to stay this action. (Doc. #47.)

## I.    Plaintiff's Motions

### A.    Motion to Screen

     Plaintiff's July 7, 2009 and July 27, 2009 motions both request that this court screen Plaintiff's second amended complaint. The Court is required to screen complaints from prisoners pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that the Court will screen complaints in due course and requesting screening by motion is unnecessary. The Court also notes that Plaintiff has requested leave to file a third amended complaint. Because Plaintiff's request to file a third amended complaint will be granted, the Court will not screen Plaintiff's second amended complaint.

**B.      Motion to Grant Appeal**

Plaintiff's July 27, 2009 motion requests that "this honorable court of appeals grant this appeal." It is unclear why Plaintiff's motion was filed with the district court. The Court notes that Plaintiff filed an appeal to the Ninth Circuit on July 27, 2009. (Doc. #37.) Plaintiff's appeal was denied on September 15, 2009. (Doc. #44.) Plaintiff's request is therefore rendered moot and will be denied.

**C.      Motion to File Third Amended Complaint**

Plaintiff's September 16, 2009 motion requests leave to file a third amended complaint. The Court will grant Plaintiff's motion and Plaintiff will be given leave to file a third amended complaint. However, upon review of Plaintiff's second amended complaint, the Court notes that Plaintiff's second amended complaint is 198 pages long, consisting of a 98 page complaint with approximately 101 pages of exhibits. The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure in order to facilitate the filing of a properly formatted third amended complaint. <u>Plaintiff is advised that the failure to comply with these rules when drafting and filing his third amended complaint may result in this action being dismissed.</u>

**1.      Plaintiff's Complaint Must Be Short and Plain**

Plaintiff's complaint must contain "a <u>short</u> and <u>plain</u> statement of the claim showing that [Plaintiff] is entitled to relief". Federal Rule of Civil Procedure 8(a)(2) (emphasis added). "Each allegation must be <u>simple</u>, <u>concise</u>, and <u>direct</u>." Federal Rule of Civil Procedure 8(d)(1) (emphasis added). "A party must state its claims or defenses in <u>numbered paragraphs</u>, <u>each limited as far as practicable to a single set of circumstances</u>." Federal Rule of Civil Procedure 10(b) (emphasis added). "[E]ach claim founded on a separate transaction or occurrence . . . <u>must be stated in a separate count</u>". Federal Rule of Civil Procedure 10(b) (emphasis added). A 98 page complaint written in narrative fashion that does not set forth any cause of actions in a clear or organized fashion is not "short and plain."

Plaintiff's complaint will be dismissed with leave to amend. Plaintiff's amended complaint must clearly state <u>individually</u> for <u>each Defendant</u> 1) who that Defendant is; 2) what that Defendant did; 3) what right that Defendant violated; and 4) how that Defendant's actions violated that right.

Plaintiff may not simply provide a narrative story recounting a series of injuries Plaintiff suffered then lump all Defendants together with a vague allegation that his rights were violated. Defendants are not sued collectively and each Defendant is only liable for the injuries that their own actions cause. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

### 2. Plaintiff May Not Raise Multiple Unrelated Claims in a Single Lawsuit

Plaintiff's second amended complaint describes multiple incidents involving several different defendants. Plaintiff is advised that the Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. The fact that all defendants are employees for the California Department of Corrections and Rehabilitation and the fact that all of Plaintiff's injuries occurred while incarcerated at a particular prison is not enough to consolidate all the claims into a single lawsuit. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions. However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[1] 28 U.S.C. § 1915(g).

### 3. Proper Use of Exhibits

Plaintiff's second amended complaint included approximately 101 pages of exhibits. The relevance of these exhibits are unclear. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10©, they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only

---

[1] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. §1915(a),(g).

obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of the critical facts to his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff--the Court will not do the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf.

### 4. Plaintiff's Third Amended Complaint must Be Complete in Itself

Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged

in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

### D. Motion to Stay

Plaintiff's January 7, 2010 motion requests a stay of this action. Plaintiff alleges that he is currently pursuing claims before the California Victim Compensation and Government Claims Board. The California Tort Claims Act requires a litigant to present a claim before the California Victim Compensation and Government Claims Board in order to pursue a tort claim against a public entity. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Plaintiff further explains that he is unsure whether he is required to await resolution from the claims board to pursue this action, "but pro per prisoners say I have to file with the state board as well." Plaintiff is advised that he is not required to exhaust claims before the California Victim Compensation and Government Claims Board to pursue a federal cause of action under section 1983. 42 U.S.C. § 1997e(a) governs the exhaustion requirement for his section 1983 claims. It is unclear whether Plaintiff will seek to pursue any other claims (such as state tort claims) in his third amended complaint. Therefore, because it is unclear whether compliance with the California Tort Claims Act is necessary for Plaintiff to pursue his claims in this action, the Court will deny Plaintiff's motion for a stay, without prejudice. Plaintiff's third amended complaint will be due within 30 days of the date of service of this order.

## II. Conclusion and Order

The Court finds that Plaintiff's motion for screening and motion to grant his appeal should be denied. The Court will grant Plaintiff's motion to file a third amended complaint. Plaintiff's third amended complaint will be due within 30 days of the date of service of this order. Finally, the Court finds that it is unclear that a stay is necessary in this action and will deny Plaintiff's motion for a stay.

///

///

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion for screening of his complaint, filed on July 7, 2009, is DENIED;

2.     Plaintiff's motion to grant his appeal, filed on July 27, 2009, is DENIED.

3.     Plaintiff's motion to file a third amended complaint, filed on September 16, 2009, is GRANTED;

4.     Plaintiff is granted thirty (30) days from the date of service of this order to file a third amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; and

4.     Plaintiff's motion to stay this action, filed on January 7, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:**   **February 25, 2010**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE