1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON, | 1:08-cv-01065-MJS (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR IMMEDIATE TRANSFER |
| D. ADAMS, et al., | |
| Defendants. | (ECF NO. 73) |
| _____/ | |

On May 31, 2011, Plaintiff Michael D. Harrison ("Plaintiff") filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

1  of the complexity of the legal issues involved." Id. (internal quotation marks and citations

2  omitted).

3      In the present case, the Court does not find the required exceptional circumstances.

4  Plaintiff argues that he has been wrongfully transferred to a level four facility and denied

5  access to the law library.  (ECF No. 73.)  Plaintiff asks that the Court appoint an attorney

6  to help remedy these situations.  However, Plaintiff's claims in this case involve medical

7  care that he received in 2007-08.  Even if the Court appointed counsel to assist him with

8  this case, it would not remedy the ills of which he complains in the instant motion.  His

9  counsel could not help him get law library access, medical access, or transfer institutions.

10     Morever, with respect to the allegations in Plaintiff's Fifth Amended Complaint, even

11  if it is assumed that Plaintiff is not well versed in the law and that he has made serious

12  allegations which, if proved, would entitle him to relief, his case is not exceptional.  This

13  Court is faced with similar cases almost daily.  Most significantly, the Court finds that

14  Plaintiff has thus far been able to adequately represent himself.  The Court does not find

15  that Plaintiff cannot adequately articulate his claims.

16     For the foregoing reasons, Plaintiff's motion for the appointment of counsel is

17  HEREBY DENIED, without prejudice.

18     Plaintiff' also  requested that the Court have him transferred to another facility,

19  Plaintiff failed to provide any legal authority allowing the Court to authorize such transfer.

20  Accordingly, Plaintiff's request for immediate transfer is DENIED.

21

22

23  IT IS SO ORDERED.

24  Dated:    June 14, 2011            _____ /s/ Michael J. Seng
                                      UNITED STATES MAGISTRATE JUDGE

25

26

27

28