UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>          Plaintiff,<br><br>     v.<br><br>D. ADAMS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:08-cv-1065-AWI-MJS (PC)<br><br>ORDER DENYING MISCELLANEOUS MOTIONS<br><br>(ECF Nos. 92, 95, 97, & 102) |

Plaintiff Michael D. Harrison ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are: (1) Plaintiff's January 12, 2012 Motion to Correct the Record (ECF No. 92); (2) Plaintiff's January 27, 2012 Reply to Defendant's Answer (ECF No. 95); (3) Plaintiff's February 17, 2012 Motion Requesting the Parties to Provide Plaintiff with Documents (ECF No. 97); and (4) Plaintiff's March 12, 2012 Unenumerated Rule 12(b) Motion (ECF No. 102). Defendants have not filed oppositions to these motions, and each of these motions will be addressed in turn below.

I.  **MOTION TO CORRECT THE RECORD**

On January 12, 2012, Plaintiff filed a Motion to Correct the Record. (ECF No. 92.)

Plaintiff wishes to amend the caption of this action so that certain Defendants are referred to by their correct names. Plaintiff did not have the correct names when he initiated the action.

Plaintiff also asks whether the United States Marshall has successfully served Defendant Dava. After Plaintiff filed his motion, Defendant Dava, along with the other Defendants, filed an answer. (ECF No. 93.) None of the Defendants raised any jurisdictional issues in their joint answer. Under Federal Rule of Civil Procedure 12(h)(1), Defendants have waived objections to service of process. Defendant Dava is now part of this action, and there is no need for further service.

Accordingly, the first part of Plaintiff's Motion to Correct the Record shall be granted and the second part of the Motion denied.

**II.    REPLY TO DEFENDANTS' ANSWER**

On January 27, 2012, Plaintiff filed a reply to Defendants' answer. (ECF No. 95.) Neither the Federal Rules of Civil Procedure nor the Local Rules allow for a reply to an answer unless the Court orders otherwise. Fed. R. Civ. P. 7(a)(7). In this case, the Court did not order Plaintiff to file a reply to the answer.

Plaintiff's reply shall be stricken from the record.

**III.   MOTION REQUESTING ALL PARTIES TO PROVIDE PLAINTIFF WITH DOCUMENTS**

On February 17, 2012, Plaintiff filed a Motion Requesting all Parties to Provide Plaintiff with Documents. (ECF No. 97.) This appears to constitute a set of discovery requests to Defendants, but it also includes a request that the Court provide a copy of its resume and additional information.

Plaintiff may seek discovery directly from Defendants without Court intervention. It does not appear that discovery has been initiated or that there is any dispute over discovery. Thus, at this stage of the proceeding, it would be premature for the Court to become involved in discovery, and it will not do so..

Plaintiffs also requested that the undersigned provide a copy of his resume and additional information. Such information will not lead to the discovery of admissible evidence as required by Federal Rule of Civil Procedure 26(b)(1). Plaintiff's request should therefore be denied.

## IV.     UNENUMERATED RULE 12(b) MOTION

On March 12, 2012, Plaintiff filed an Unenumerated Rule 12(b) Motion asserting that he had exhausted all administrative remedies. (Mot., ECF No. 102, at 1.) Apparently Plaintiff is referring to Federal Rule of Civil Procedure 12(b) under which a party can raise defenses of lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19. No Defendant has raised such a defense here nor has any filed a counterclaim against Plaintiff to which he might file a Rule 12(b) motion.   Plaintiff's said motion thus has no applicability here, and thus it shall be stricken from the record.

## V.     CONCLUSION

Accordingly, the Court hereby ORDERS the following:

1. The first part of Plaintiff's Motion to Correct the Record (ECF No. 92) is GRANTED and the Clerk's Office is ordered to change the name of

Defendant "RN Burns" to "C. Rabaino ,Burns" and the name of Defendant "T. Jones" to "T. Davis Jones";

2. The second part of Plaintiff's Motion to Correct the Record (ECF No. 92), regarding Defendant Dava's waiver of service is DENIED as moot;

3. Plaintiff's reply to Defendants' answer (ECF No. 95) is STRICKEN from the record;

4. Plaintiff's Motion Requesting All Parties to Provide Plaintiff with Documents (ECF No. 97) is DENIED;

5. Plaintiff's Unenumerated Rule 12(b) Motion (ECF No. 102) is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   March 26, 2012             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE