UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON, | CASE NO. 1:08-cv-1065-AWI-MJS |
| Plaintiff, | ORDER PROVIDING DEFENDANT E. DAVA WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE |
| v. | |
| D. ADAMS, et al., | |
| Defendants. | |

On September 30, 2011, the Court ordered the United States Marshal to serve process upon the defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On April 24, 2012 the United States Marshal filed a return of service with a USM-285 form showing charges of $162.02 for effecting personal service on Defendant E. Dava. The form shows that a waiver of service form was mailed to Defendant E. Dava on October 4, 2011, and that no response was received.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the

summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant E. Dava was given the opportunity required by Rule 4(d)(1) to waive service, but failed to comply with the request.  The Court shall provide Defendant with the opportunity to show good cause for failing to waive service.  If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant E. Dava may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and
2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant E. Dava the costs incurred in effecting service.

IT IS SO ORDERED.

Dated:   May 10, 2012                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

2