# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:08-cv-1065-AWI-MJS<br><br>ORDER REQUIRING DEFENDANT E. DAVA TO PAY TO THE UNITED STATES MARSHAL THE COSTS INCURRED IN EFFECTING SERVICE |

On September 30, 2011, the Court ordered the United States Marshal to serve process upon the Defendants in this case. (ECF No. 78.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of attempts, if any, to secure a waiver of service and evidence of all costs subsequently incurred in effecting personal service.

On April 24, 2012, the United States Marshal filed a return of service with a USM-285 form showing charges of $162.02 for effecting personal service on Defendant E. Dava. (ECF No. 106.) The form shows that a waiver of service form was mailed to Defendant E. Dava on October 4, 2011, but no response was received. (Id.)

Rule 4 provides that "[a]n individual, corporation, or association that is subject to

1

service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant E. Dava was given the opportunity required by Rule 4(d)(1) to waive service, but failed to comply with the request. The Court issued an order, giving him an opportunity to show good cause for failing to waive service. (ECF No. 109.) He has filed a response, but it fails to show good cause. (ECF No. 111.) His attorney simply attributes the failure to file a timely waiver to clerical error. (Id.)

Although the failure to waive service may have resulted from innocent error, the party responsible for the error should bear its cost.

Accordingly, IT IS HEREBY ORDERED that within **twenty (20) days** from the date of this order, Defendant E. Dava pay to the United States Marshal the sum of $162.02.

IT IS SO ORDERED.

Dated:   June 15, 2012        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE