1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON, | CASE NO.   1:08-cv-01065-AWI-MJS (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MISCELLANEOUS MOTIONS |
| v. | (ECF Nos. 135, 138, 139) |
| D. ADAMS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Michael D. Harrison ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's Fifth Amended Complaint filed May 3, 2011, on the allegation that Plaintiff's Eighth Amendment rights were violated because he was subject to inadequate medical care.  (ECF No. 70.)  Plaintiff's action proceeds against Defendants Moore, Jones, Burns, Kim, and Dava.  (ECF Nos. 65 & 75.)

Before the Court are Plaintiff's following motions:

1.      Motion for a new discovery order, filed September 10, 2012 (ECF No. 135);

2.      Motion to file a supplemental pleading (ECF No. 138); and

1

3.      Motion and objection to deposition (ECF No. 139).

Defendants have not yet filed any oppositions to Plaintiff's motions.

## I.      MOTION FOR A NEW DISCOVERY ORDER

Prior to filing his current motion for a new discovery schedule (ECF No. 135), Plaintiff had  filed another motion requesting the same relief (ECF No. 133).

The Court granted Plaintiff's previous motion (ECF No. 136). Accordingly, Plaintiff's current motion is denied as moot.

## II.     MOTION TO FILE A SUPPLEMENTAL PLEADING

Prior to Plaintiff's current motion for leave to file a supplemental pleading, the Court granted numerous other motions to amend or supplement his Fifth Amended Complaint. (ECF No. 136.)  The Court has given Plaintiff until October 15, 2012 to file an amended pleading which is to be labeled as the "Eighth Amended Complaint."  (Id.)

Almost immediately after the Court issued its order, Plaintiff filed a new motion to file a supplemental pleading (ECF No. 138) and lodged another amended pleading labeled a "Supplemental Amended Pleading" (ECF No. 137).

The Court is unable to determine whether Plaintiff wishes to proceed on this newest amended pleading.  He did not follow the directions in the Court's  September 11, 2012 order. (ECF No. 136. ) His  current motion for a supplemental pleading makes it appear Plaintiff wishes to file yet another amended pleading (ECF No. 138).

The Court will deny Plaintiff's current motion to file a supplemental pleading as moot, strike his most recent supplemental pleading (ECF No. 137), and direct Plaintiff to follow the instructions for filing an amended pleading laid out in the Court's prior order

2

(ECF No. 136).

Plaintiff should appreciate that his rapid fire filing of successive motions is not benefitting  his case but rather delaying and frustrating the Court's ability to manage it. Plaintiff is advised that it is  in his best interest to carefully consider what motions he needs to file and when best to file them.  He should not file motions just because he can, but rather do so only when doing so will benefit his case and after he has thought through the issue completely.  Constantly changing and filing superceding pleadings may cause all of them to be viewed with skepticism.

## III.    MOTION REGARDING PLAINTIFF'S DEPOSITION

Plaintiff has filed a motion asking that the Court strike his deposition and not allow his deposition testimony to be used against him in Court.  (ECF No. 139 at 3.)  Plaintiff's motion is in effect a motion in limine.

A motion in limine  is a procedural mechanism to limit in advance testimony or evidence in a particular area.  U.S. v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted).  In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  Heller, 551 F.3d at 1111-12 (quotation marks omitted).

In this instance, however, Plaintiff's motion is premature.  The case has not been set for trial. No pretrial orders addressing the scope of trial issues and evidence is yet before the Court.

Plaintiff's motion in limine is denied as premature.

## IV.    CONCLUSION

Accordingly, the Court hereby orders as follows:

1.    Plaintiff's motion for a new discovery order (ECF No. 135) is DENIED as moot;

2.    Plaintiff's motion to file a supplemental pleading (ECF No. 138) is DENIED as moot;

3.    Plaintiff's most recent amended pleading (ECF No. 137) is STRICKEN from the record;

4.    Plaintiff is referred to the Court's previous order (ECF No. 136) and again directed to file his final amended pleading by October 15, 2012, clearly labeled "Eighth Amended Complaint"; and

5.    Plaintiff's motion objecting to his deposition is DENIED without prejudice as premature.

IT IS SO ORDERED.

Dated:    September 24, 2012            /s/ Michael J. Seng

                                                    UNITED STATES MAGISTRATE JUDGE

4