# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>D. ADAMS, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:08-cv-01065-AWI-MJS PC<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 110) |

## I.    PROCEDURAL HISTORY

Plaintiff Michael D. Harrison ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 24, 2008.

This action is proceeding on Plaintiff's Fifth Amended Complaint filed May 3, 2011, on the allegation that Plaintiff's Eighth Amendment rights were violated because he was subject to inadequate medical care. (ECF No. 70.) Plaintiff's action is currently proceeding against Defendants Moore, Jones, Burns, Kim, and Dava. (ECF Nos. 65 & 75.)

Plaintiff filed a motion to compel on June 7, 2012. (Mot., ECF No. 110.) Defendants have not filed an opposition. Plaintiff's motion is now ready for ruling.

## II.    PLAINTIFF'S MOTION TO COMPEL

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

1

1 evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007)(citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

In this instance, there are deficiencies in Plaintiff's motion to compel. Plaintiff asks for a list of names of all of the medical and correctional staff at Corcoran State Prison from April 20, 2007 to May 10, 2007 and from June 6, 2007 to September 1, 2007. (Mot. at 1.) Plaintiff also asks for all documents that prove "all staff members were there," as well as pictures of the staff members. (Id. at 1-2.) Plaintiff requests this information so that he can determine the names of additional defendants in this action. (Id. at 2.) Plaintiff requested this information from Defendants, but they did not provide it. (Id.)

The Court screened Plaintiff's pleadings, and allowed Plaintiff to proceed on an Eighth Amendment claim against Defendants Moore, Jones, Burns, Kim, and Dava. (ECF Nos. 65 & 75.)  The Court did not find any cognizable claims against any potential Doe defendants. Thus Plaintiff's requests are not relevant to any claim or defense related to his current action as required by Fed. R. Civ. P. 26(b)(1).  In addition, Plaintiff did not provide the Court with a copy of the actual discovery requests he sent to Plaintiff or Defendants' responses to his requests.  The Court is unable to review Defendants'

objections and determine whether they have any merit.  Moreover, Plaintiff has since lodged several amended pleadings purporting to name additional defendants, suggesting that Plaintiff has identified potential defendants and so his motion is now moot.  For all these reasons, Plaintiff's motion shall be denied.

### III. **CONCLUSION**

Accordingly, Plaintiff's motion to compel is DENIED without prejudice to so moving again.  If he does, he must include a copy of his actual requests and Defendants' responses and, keeping in mind that this action is not a vehicle for a fishing expedition to try to identify and sue unrelated parties, explain why the requested information is relevant to his claims and why the Court should order Defendants to produce this information.

IT IS SO ORDERED.

Dated: September 27, 2012          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE