UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON, | CASE NO.   1:08-cv-1065-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | |
| D. ADAMS, et al. | (ECF Nos. 112, 131) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Michael D. Harrison ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff has filed two motions for injunctive relief.  (ECF Nos. 112, 113.)  In his first Plaintiff asks that the Court call the wardens of California Substance Abuse Facility and Corcoran State Prison to ask that they move Plaintiff and another inmate out of Administrative Segregation.  (ECF No. 112 at 1.)  In his second motion, Plaintiff asks that he be moved to another yard at R.J. Donovan Correctional Facility.[1]  (ECF No. 131.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  Winter v. Natural Res. Defense Council, 555 U.S. 7, 22, 129 S. Ct. 365, 376 (2008).  "A plaintiff seeking a preliminary injunction must establish that he

---

[1] Plaintiff also asks that he be allowed to file a supplemental complaint, he be allowed to proceed on his Sixth Amended Complaint, and he be appointed counsel.  (ECF No. 113.)  However, Plaintiff also has sought such relief in other motions. (ECF Nos. 108, 117, 118, 119, 124, 125, 130.) The Court has addressed the amendment and counsel issues in another order.  (ECF No. 136.)

-1-

is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2)

Plaintiff's first motion for injunctive relief requests that the Court call the prison wardens and ask them to move Plaintiff and another inmate out of Administrative Segregation. (ECF No. 112 at 1.) Plaintiff's first motion is moot. He already has been transferred from California Substance Abuse Treatment Facility and Corcoran State Prison to R.J. Donovan Correctional Facility. (ECF No. 129.)

Plaintiff's second motion for injunctive relief requests that he be moved to another yard at R.J. Donovan Correctional Facility. (ECF No. 131.) This motion can not be granted in this action. This case was initiated while Plaintiff was incarcerated at Corcoran State Prison against officials there for actions occurring there. This Court does not have jurisdiction over an unnamed and unserved individual at Plaintiff's current prison, R.J. Donovan Correctional Facility. It has no authority to order such a person to act as Plaintiff requests even if such an order were otherwise proper. It is not.

(Even if the second motion could be considered in this case, Plaintiff has failed to present any argument about his likelihood of success on the merits. He has failed to identify any imminent threat of irreparable harm if the order is not issued. He provides no justification for his alleged need for different housing. Plaintiff has presented nothing to suggest the balance of equities tips in his favor, that the relief sought is in the public's interest, or that the relief sought is the least intrusive means available to prevent the alleged harm.)

Accordingly, the Court RECOMMENDS that Plaintiff's first motion for injunctive relief (ECF No. 112) be DENIED for mootness and that his second motion for injunctive relief (ECF No. 131) be DENIED for lack of jurisdiction over the party or parties sought to be affected by the relief sought.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 27, 2012          /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE