# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>          Plaintiff,<br><br>   v.<br><br>WARDEN D. ADAMS, et al.,<br><br>          Defendants. | CASE NO. 1:08-cv-01065-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR ACTION TO PROCEED ON COGNIZABLE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS JONES, MOORE, BURNS, KIM, DAVA, URBANO, CAMPOS, PARSONS, M. GONZALEZ, C. GONZALES, CISNEROS, AND ZAKARI; AND FOR OTHER CLAIMS AND DEFENDANTS TO BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 145)<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

## SCREENING ORDER

### I. PROCEDURAL HISTORY

Plaintiff Michael D. Harrison ("Plaintiff"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), brings this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's Fifth Amendment Complaint filed May 3, 2011, alleging that Defendants violated Plaintiff's Eighth Amendment right to adequate

medical care. (ECF No. 70.) Plaintiff's action is proceeding against Defendants Moore, Jones, Burns, Kim, and Dava. (ECF Nos. 65 & 75.)

Plaintiff has made numerous requests to file an amended complaint adding additional defendants identified in discovery. (ECF Nos. 108, 117, 119, 124, 126, 132.) The Court granted Plaintiff's requests. (ECF No. 136.) Plaintiff has since filed an Eighth Amendment Complaint which is now before the Court for screening. (ECF No. 145.)

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands

1 more than the mere possibility that a defendant committed misconduct and, while factual
2 allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

### III.   SUMMARY OF EIGHTH AMENDED COMPLAINT

Plaintiff brings this action for violations of his Eighth Amendment right to adequate medical care.  He sues the following individuals as Defendants in their individual and official capacities: 1) T. Moore, correctional sergeant for the CDCR, 2) T. Davis Jones, member of the medical staff for the CDCR, 3) C. Rabaino-Burns, member of the medical staff for the CDCR, 4) J. Kim, member of the medical staff for the CDCR, 5) E. Dava, member of the medical staff for the CDCR, 6) E. Urbano, member of the medical staff for the CDCR, 7) E.V. Roth, member of the medical staff for the CDCR, 8) F. Campos, member of the medical staff for the CDCR, 9) T. Cisneros, member of the medical staff for the CDCR, 10) M. Parsons, member of the medical staff for the CDCR, 11) C. Gonzales, member of the medical staff for the CDCR, 12) M. O'Neal, member of the medical staff for the CDCR, 13) M. Galvan, member of the medical staff for the CDCR, 14) C. Bastianon, member of the medical staff for the CDCR, 15) B. Johnson, member of the medical staff for the CDCR, 16) M. Gonzalez, member of the medical staff for the CDCR, 17) C. Raygoza, member of the medical staff for the CDCR, 18) J.G. Coronado, member of the medical staff for the CDCR, 19) R. Casio, member of the medical staff for the CDCR, 20) G. Vincente, member of the medical staff for the CDCR, 21) Tumayo, member of the medical staff for the CDCR, 22) Zakari, member of the medical staff for the CDCR, and 23) B. Edmonds.[1]

---

[1] Plaintiff fails to name Defendant Edmonds in the area where he lists the new Defendants. Since it appears he wishes to make claims against this individual, the Court will evaluate these claims for potential ccognizability.

Plaintiff makes the following allegations (which are the same as he made in his Fifth Amended Complaint):

On April 20, 2007, Plaintiff's arm was broken. (Am. Compl. at 11.) Defendants Jones, Moore, and Jones declined his request to see a doctor or be taken to the hospital. (Id. at 11-12.) On May 8, 2007, Defendant Rabaino-Burns refused Plaintiff's request to send him to the hospital. (Id. at 12.) Plaintiff saw Defendant Kim several times in 2007 regarding an infection in his arm but he refused to admit Plaintiff to the hospital for treatment. (Id. at 12-13.) Defendant Dava saw Plaintiff in March of 2008 and refused to have Plaintiff admitted to the hospital, provide Plaintiff with antibiotics, or refer Plaintiff to another doctor. (Id. at 15-16.)

Plaintiff's Eighth Amended Complaint adds the following parties allegedly having liability and the following new allegations against each: (Am. Comp. at 17.)

From April 22-28, 2007, Plaintiff informed various prison officials about his broken arm. (Id.) Plaintiff showed his arm to Defendants Urbano, Roth, Campos, Parsons, M. Gonzalez, C. Gonzalez, T. Cisneros, and Zakari. (Id.) Defendant Roth requested medical help for Plaintiff, but his request was refused. (Id.)[2] Plaintiff tried to get help for the infection in his arm, but Defendants Urbano, M. Gonzalez, M. Galvan, C. Bastianon, R. Casio, M. Parson, G. Vicente, B. Johnson. C. Raygoza, T. Cisneros, M. O'Neal, C. Gonzalez, J.G. Coronado, F. Campos, B. Edmonds, Zakari, and Tumayo refused to provide treatment. (Id. at 18.)

Plaintiff asks for a preliminary and permanent injunction, $1 million in compensatory

---

[2] Plaintiff refers the Court to various exhibits in support of his allegations. The exhibits discuss his mental health status but do not appear to offer support for his claims here. (Am. Compl. at Ex. A-B.)

4

damages from each Defendant, $1 million in punitive damages from each Defendant, $1 million for emotional damages, $1 million for mental anguish damages, $1 million for psychological damages, $1 million for pain and suffering, and an injunction ordering Corcoran State Prison to follow the treatment plan found in J. Clerk Kelso's report.[3]  (Am. Compl. at 21-22.)  Plaintiff also asks for medications and additional costs and fees. (Id. at 23.)

## IV.  ANALYSIS

### A.  42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.  Eighth Amendment

Plaintiff alleges various Eighth Amendment inadequate medical care claims against

---

[3] Plaintiff also requests that criminal charges be brought against Defendant Dava.  Such relief is beyond the Court's authority.

5

the Defendants.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a

6

constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Because Plaintiff has brought allegations against multiple Defendants, the Court will address the claims, as applicable, by Defendant or group of Defendants.

### 1. Defendants Jones, Moore, Burns

The Court has already determined that Plaintiff states a cognizable claim for violation of his Eighth Amendment right to adequate medical care against Defendants Jones, Moore, and Burns for allegedly denying Plaintiff medical care even though they knew he had a broken arm.

### 2. Defendants Kim and Dava

Similarly, Plaintiff also previously stated a claim against Defendants Kim and Dava

7

for refusing to treat Plaintiff's infection. Defendant Kim refused initially. Defendant Dava refused to renew Plaintiff's prescription for antibiotics. Both refused to send Plaintiff back to the hospital. Plaintiff has stated a cognizable claim for violation of his Eighth Amendment right to adequate medical care.

### 3. Defendant Roth

Plaintiff alleges Defendant Roth saw his broken arm and tried to provide him with medical help. Such an attempt to help Plaintiff is the antitheses of deliberate indifference. Plaintiff has failed to state an Eighth Amendment claim against Defendant Roth.

### 4. Defendants Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, and Zakari

Plaintiff alleges that these Defendants failed to treat his broken arm and the infection in his arm.

Plaintiff alleges he showed these Defendants his broken arm and they refused to seek medical treatment for him even though they were in a position to do so. Plaintiff has alleged an Eighth Amendment claim for their failure to act in response to notice of Plaintiff's broken arm.

In the case of the infection, Plaintiff fails to allege any facts suggesting that these Defendants were aware of or should have been aware of the alleged infection. He alleges that he filed reports regarding his arm, but not that any of these Defendants saw the reports. Plaintiff has failed to state an Eighth Amendment claim against these Defendants in connection with the infection in his arm.

### 5. Defendants Galvan, Bastianon, Casio, Vicente, Johnson, Raygoza, O'Neal, Coronado, Edmonds, and Tumayo

Plaintiff alleges these Defendants failed to properly treat the infection in his arm.

8

He does not however attribute to them any specific knowledge regarding the infection or any action or inaction on their part. He simply lists their names as people to whom he complained about his arm. To the extent he filed reports regarding his arm, he does not allege that any of these Defendants saw the reports. Plaintiff has failed to state an Eighth Amendment claim against these Defendants.

      B.    **Amendment**

As is obvious, Plaintiff has had, and availed himself of, several opportunities to amend. The latest amendment was allowed only because Plaintiff averred that he had identified additional Defendants through discovery. Plaintiff having been indulged every reasonable opportunity to identify potential Decedents and perfect his claims against them, no useful purpose would be served in extending yet another such opportunity. Leave to amend will not here be granted. Plaintiff shall proceed, if at all, on the Eight Amended Complaint against the Defendants designated below and no others.

**IV.**    **CONCLUSION AND RECOMMENDATION**

The Court finds that Plaintiff's Eighth Amended Complaint has stated a cognizable Eighth Amendment medical care claim against Defendants Jones, Moore, Burns, Kim, Dava, Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, and Zakari. Plaintiff has failed to state any other claims against any other Defendants.

Based on the foregoing, it is HEREBY RECOMMENDS that:

1. This action proceed as one for damages on Plaintiff's Eighth Amendment medical care claim for failure to treat his broken arm against Defendants Jones, Moore, Burns, Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, and Zakari;

2. This action proceed as one for damages on Plaintiff's Eighth Amendment medical claim for failure to treat his infection against Defendants Kim and Dava;

3. Plaintiff's Eighth Amendment medical care claim against Defendant Roth for failure to treat his broken arm be DISMISSED;

4. Plaintiff's Eighth Amendment medical care claim against Defendants Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, Zakari, Galvan, Bastianon, Casio, Vicente, Johnson, Raygoza, O'Neal, Coronado, Edmonds, and Tumayo for failing to treat his infection be DISMISSED; and

5. Defendants Galvan, Bastianon, Casio, Vicente, Johnson, Raygoza, O'Neal, Coronado, Edmonds, Roth, and Tumayo be DISMISSED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  May 3, 2013            /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE