1

2

3

4                          UNITED STATES DISTRICT COURT

5                            EASTERN DISTRICT OF CALIFORNIA

6

7    MICHAEL D. HARRISON,                        1:08-cv-01065-AWI-MJS (PC)

8                    Plaintiff,                  ORDER REGARDING FINDINGS AND
                                                 RECOMMENDATIONS AND
9            v.                                  DETERMINING THE CLAIMS ON WHICH
                                                 THIS ACTION WILL PROCEED
10   D. ADAMS, et al.,
                                                 (ECF No. 154)
11                   Defendants.

12   _____/

13

14          Plaintiff Michael D. Harrison ("Plaintiff") is a prisoner proceeding pro se in a civil

15   rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

16   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.   The operative

17   complaint was filed on October 9, 2012, and titled the eighth amended complaint

18   ("complaint").

19          On May 5, 2013, the Magistrate Judge filed Findings and Recommendations,

20   recommending this action proceed on some of the complaint's claims and defendants but that

21   other claims and defendants be dismissed.  (ECF No. 154.)  Plaintiff has filed objections.  (ECF

22   No. 156.)

23          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, this

24   Court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

25   the Court finds the Findings and Recommendations allowing this action to proceed as to certain

26   Defendants is supported by the record and by proper analysis.   However, in light of the

27   objections and this Court's review of the pending complaint, the Court adds the additional

28   analysis set forth below.

1    The Magistrate Judge recommended that the Court dismiss the claim against Defendant

2    Roth concerning his failure to obtain medical help when Plaintiff's arm was broken because

3    Defendant Roth asked for help.   In the objections, Plaintiff contends that the complaint's

4    allegations state that he asked Defendant Roth for help and Defendant Roth did nothing.   The

5    Court has reviewed the portions of the complaint concerning Defendant Roth.   After reading

6    the relevant sentences, the Court finds that Plaintiff's allegations against Defendant Roth, as

7    written, could be read two different ways.   Given the deference the Court must give to Plaintiff

8    at this stage of the pleadings, the Court will construe these sentences as Plaintiff explains them

9    in the objections – Plaintiff asked Defendant Roth for medical help and showed him his broken

10   arm, but Defendant Roth did not do anything.   As such, this action will proceed against

11   Defendant Roth.

12   A far closer question is whether Plaintiff's allegations concerning those that knew about

13   Plaintiff's infection and were asked for help, but did nothing, states a claim.   The complaint's

14   allegations are not extraordinarily specific.   Plaintiff lists 17 guards and other staff that he had

15   contact with between June 6, 2007 and September 1, 2007.   The complaint then states that each

16   of these Defendants saw that Plaintiff's arm was swollen, "bleeding and leaking out puss."

17   The complaint states that Plaintiff asked each of these 17 defendants for medical help and they

18   did nothing.   Rule 8(a) of the Federal Rules of Civil Procedure requires only  "a short and plain

19   statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).

20   Under Rule 8, "a complaint must contain sufficient factual matter, accepted as true, to state a

21   claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Bell

22   Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the

23   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

24   defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. This plausibility

25   standard is not a probability requirement, but does ask for more than mere possibility; if a

26   complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line

27   between possibility and plausibility."  Id.

28   The Court can see ways in which Plaintiff could have been more specific in the

-2-

1    complaint; Such as alleging the dates on which Plaintiff had contact with each of these 17

2    defendants, stating exactly what he said to each of the 17 defendants, and how well they could

3    view Plaintiff's arm given the circumstances.    However, the Court respectfully disagrees with

4    the Magistrate Judge that Plaintiff's allegations are not sufficient under Rule 8.   The complaint

5    alleges the names of 17 defendants that were at the window of his cell between June 6, 2007

6    and September 1, 2007.   The complaint alleges that he:  (1) Told these defendants that his arm

7    was hurting and bleeding and leaking out puss, and (2) Asked these defendants to take him to

8    the hospital for help.   The complaint alleges Plaintiff made these statements and requests to the

9    defendants repeatedly.   The complaint also alleges these 17 defendants could see Plaintiff's

10   arm, including the swelling, bleeding, and puss.   For Eighth Amendment claims arising out of

11   medical care in prison, a plaintiff "must show (1) a serious medical need by demonstrating that

12   failure to treat [his] condition could result in further significant injury or the unnecessary and

13   wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

14   indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).   Deliberate indifference

15   is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical

16   need, and (b) harm caused by the indifference."  Id.   "Under this standard, the prison official

17   must not only 'be aware of the facts from which the inference could be drawn that a substantial

18   risk of serious harm exists,' but that person 'must also draw the inference."   Toguchi v.

19   Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).   The Court finds Plaintiff's requests for help,

20   along with the obviousness of Plaintiff's serious medical condition, as described in the

21   complaint, sufficiently states a claim for deliberate indifference by the 17 defendants.

22        In the objections, Plaintiff appears to request that the Court allow Plaintiff more time to

23   find the names of others who he may have also asked for help so that he can file yet another

24   amended complaint.   This action concerns events from 2007.   The action has been pending in

25   this Court since 2008.   The pending complaint is entitled "Eighth Amendment Complaint", and

26   appears to be at least Plaintiff's fifth or sixth attempt to file some kind of amended complaint or

27   pleading.   It is now time for this action to proceed.   As such, no further leave to amend will be

28   granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 5, 2013, are adopted as amended in this order;

2. This action SHALL proceed as one for damages on Plaintiff's Eighth Amendment medical care claim for failure to treat his broken arm against Defendants Jones, Moore, Burns, Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, Zakari, and Roth;

3. This action SHALL proceed as one for damages on Plaintiff's Eighth Amendment medical care claim for failure to treat his infection against Defendants Kim, Dava; Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, Zakari, Galvan, Bastianon, Casio, Vicente, Johnson, Raygoza, O'Neal, Coronado, Edmonds, and Tumayo;

4. No further leave to amend will be granted;

5. This action is referred to the Magistrate Judge to set a briefing schedule and for further proceedings.

IT IS SO ORDERED.

Dated:    July 30, 2013

_____

SENIOR  DISTRICT  JUDGE

-4-