UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. ADAMS, et al.,<br><br>　　　　Defendants. | CASE NO. 1:08-cv-1065-AWI-MJS (PC)<br><br>**ORDER (1) DENYING MOTION FOR SERVICE ON SIX MORE DEFENDANTS, (2) DENYING MOTION TO REPORT SERVICE HAS NOT BEEN COMPLETED, AND (3) REQUIRING PLAINTIFF TO SHOW CAUSE WHY CERTAIN DEFENDANTS SHOULD NOT BE DISMISSED**<br><br>**(ECF Nos. 178, 180)**<br><br>**THIRTY (30) DAY DEADLINE** |

**I.　PROCEDURAL HISTORY**

Plaintiff, a state prisoner proceeding pro se, initiated this civil rights action under 42 U.S.C. § 1983 on July 24, 2008. (ECF No. 1.) The Court screened Plaintiff's Eighth Amended Complaint and found that it stated a cognizable claim against Defendants Jones, Moore, Burns, Dava, Kim, Edmonds, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Raygoza, Roth, Tumayo, Urbano, Vicente, Zakari, Bastianon,

Campos, Casio, Cisneros, and Coronado for violation of Plaintiff's rights under the Eighth Amendment. (ECF No. 160.)

Defendants Jones, Moore, Burns, Dava, Kim, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Roth, Tumayo, Urbano, Vicente, Casio, Cisneros, and Coronado have appeared and answered Plaintiff's complaint. (ECF No. 93.)

Before the Court are Plaintiff's December 26, 2013 Motion for Service of 6 More Defendants (ECF No. 178), seeking to serve Defendants Johnson, Campos, Zakari, Bastianon, Edmonds, and Raygoza; and his Motion to Report Service Has Not Been Completed on 5 Defendants (ECF No. 180) which seeks service on Defendants Campos, Zakari, Bastianon, Edmonds, and Raygoza.

## II.     DEFENDANT JOHNSON

Defendant Johnson has already executed a waiver of service. (ECF No. 175.) Accordingly, Plaintiff's request to serve Defendant Johnson will be denied.

## III.     DEFENDANT CAMPOS

Defendant Campos was served on February 4, 2014. (ECF No. 181.) Thereafter, the California Department of Corrections and Rehabilitation (CDCR) moved to dismiss Defendant Campos due to insufficient service of process. (ECF No. 183.) Specifically, CDCR alleged that the Litigation Coordinator at California State Prison Corcoran mistakenly accepted service on behalf of the wrong "F. Campos" and was not authorized to accept service on behalf of the intended Defendant Campos in this case. The Court denied CDCR's motion without prejudice, and ordered the U.S. Marshals Service to serve the correct "F. Campos." (ECF No. 190.) The Marshals Service is currently attempting to serve the correct Defendant Campos. Accordingly, Plaintiff's request to serve Defendant Campos will be denied.

## IV.     DEFENDANT BASTIANON

Defendant Bastianon's summons was returned unexecuted by the U.S. Marshals Service on February 3, 2014, with a notation that even though the CDCR special investigator provided the Marshal with Defendant Bastianon's last known address, the summons was returned to sender. (ECF No. 179.)

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshals for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted).

However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this time, the Marshals Service has exhausted the avenues available to it to locate and serve Defendant Bastianon. Walker, 14 F.3d at 1421-22. Accordingly, Plaintiff's motion to serve Defendant Bastianon will be denied. Additionally, Plaintiff shall show cause why Defendant Bastianon should not be dismissed because of the apparent inability to obtain service on him. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to

3

this order or responds but fails to show cause, the Court will recommend that Defendant Bastianon be dismissed from the action.

## V.     DEFENDANTS ZAKARI, EDMONDS, AND RAYGOZA

Defendants Zakari's summons was initially returned unexecuted by the U.S. Marshals Service. (ECF No. 164, 177.) Although the Marshals Service was ordered to serve Edmonds and Raygoza, no service documents were returned for either of these defendants. (ECF No. 164, 177.) On June 17, 2014, the Court directed the Marshals Service to re-attempt service on Defendants Zakari, Edmonds, and Raygoza by contacting the Legal Affairs Division of CDCR and requesting the assistance of a special investigator. (ECF No. 191.) Service was again returned unexecuted on June 25, 2014, with the notation that the CDCR special investigator was unable to locate or identify the defendants. (ECF No. 193, 194.)

At this time, the Marshals Service has exhausted the avenues available to it to locate and serve Defendants Zakari, Edmonds, and Raygoza. Walker, 14 F.3d at 1421-22. Accordingly, Plaintiff's motion to serve these Defendants will be denied. Additionally, Plaintiff shall show cause why Defendants Zakari, Edmonds, and Raygoza should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, the Court will recommend that Defendants Zakari, Edmonds, and Raygoza be dismissed from the action.

## VI.    CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion for Service of 6 More Defendants (ECF No. 178) is DENIED;

2. Plaintiff's Motion to Report Service Has Not Been Completed on 5 Defendants (ECF No. 180) is DENIED;

4

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants Zakari, Bastianon, Edmonds, and Raygoza should not be dismissed from this action; and

4.  If Plaintiff fails to respond to this order or fails to show cause, the Court will recommend that Defendants Zakari, Bastianon, Edmonds, and Raygoza be dismissed from this action.

IT IS SO ORDERED.

Dated:   July 21, 2014              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE