UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-1065-AWI-MJS (PC)<br><br>**ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 184); (2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 196); AND (3) DISCHARGING ORDER TO SHOW CAUSE (ECF No. 195)** |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's Eighth Amended Complaint and found that it stated a cognizable claim against Defendants Jones, Moore, Burns, Dava, Kim, Edmonds, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Raygoza, Roth, Tumayo, Urbano, Vicente, Zakari, Bastianon, Campos, Casio, Cisneros, and Coronado for violation of Plaintiff's rights under the Eighth Amendment. (ECF No. 160.)

Defendants Jones, Moore, Burns, Dava, Kim, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Roth, Tumayo, Urbano, Vicente, Casio, Cisneros, and Coronado have appeared and answered Plaintiff's complaint. (ECF No. 93, 147, 167.) The United States Marshal Service is in the process of attempting to serve Defendant

Campos. (ECF No. 190.) Service on Defendants Zakari, Bastianon, Edmonds, and Raygoza was returned unexecuted. (ECF Nos. 177, 179, 193, 194.) The Court ordered Plaintiff to show cause why Defendants Zakari, Bastianon, Edmonds, and Raygoza should not be dismissed. (ECF No. 195.) Plaintiff has responded to the order to show cause. (ECF Nos. 197 & 198.)

Before the Court are Plaintiff's March 20, 2014 motion to compel discovery (ECF No. 184), opposed by Defendants Jones, Moore, Burns, Dava, Kim, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Roth, Tumayo, Urbano, Vicente, Casio, Cisneros, and Coronado (ECF No. 185), and Plaintiff's July 30, 2014 motion to appoint counsel (ECF No. 196).

**II.    MOTION TO COMPEL**

    **A.    Legal Standard**

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible. See Fed. R. Civ. P. 33(b)(3). Any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); see Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 356 (D. Md. 2008) (boilerplate objections waived any legitimate objections responding party may have had); Chubb Integrated Sys., Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant"

did not fulfill party's burden to explain its objections); Pulsecard, Inc. v. Discovery Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan.1996) (objection on grounds of vagueness and ambiguity overruled if terms and phrases used in interrogatories are susceptible to ordinary definitions). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. Haney v. Saldana, No. 1:04-cv-05935-AWI-SmS-PC, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.     Parties' Arguments**

Plaintiff asserts that he submitted interrogatories to Defendants Coronado, Galvan, Roth, and Cisneros on February 7, 2014, and that Defendants refused to provide the requested information. (ECF No. 184 at 1.) Plaintiff alleges that he conferred with Defendants in good faith in an effort to secure the information but they refused to give it to him. The interrogatories sought the first and middle names of all of the

Defendants, documents containing the same, as well as information concerning a "citation and violation report" relating to an inmate appeal. Plaintiff asserts that he needs to supply this information to an "out side agency" in order to get other information necessary to prove his case. Additionally, Plaintiff asserts that the information is necessary in order to serve the remaining unserved defendants in this case.

Defendants first point out that the interrogatories at issue were propounded on Defendants Tamayo, Roth, and Urbano, rather than on Coronado, Galvan, Roth, and Cisneros. (ECF No. 185 at 2.) Defendants assert that Plaintiff's motion to compel was filed without an attempt to meet and confer, and that Defendants properly objected to each interrogatory.

**C.  Analysis**

Having considered the motion and Defendants' opposition and the relevant discovery requests and responses, the Court rules as follows.

**1.  Interrogatory Nos. 1 and 3**

Interrogatory No. 1 seeks the first and middle names of the responding defendants, while Interrogatory No. 3 seeks the first and middle names of all defendants in this action. Due to the similarity between these interrogatories, they are analyzed together.

**Interrogatory No. 1:**

> Give me the correct spelling of your first name & middle name in writing.

**Response No. 1:**

> Objection. This interrogatory is vague and ambiguous, compound and assumes facts not in evidence. The interrogatory also seeks irrelevant information which is not likely to lead to the discovery of admissible evidence. Further, because plaintiff is a convicted and incarcerated felon, the disclosure of the information which the interrogatory seeks may jeopardize the safety and security of the responding party. The interrogatory also seeks information that may violate privacy rights. As such, no response is being provided.

4

**Interrogatory No. 3:**

> Give me the correct spelling of all the defendants as to their first name & middle name.

**Response No. 3:**

> Objection. This interrogatory is vague and ambiguous, overly broad and burdensome, and compound. The interrogatory also assumes facts not in evidence in that it presupposes that the responding defendant knows the requested information. Further, because plaintiff is a convicted and incarcerated felon, the disclosure of the information which the interrogatory seeks may jeopardize the safety and security of the other defendants. The interrogatory also seeks information that may violate the privacy rights of those defendants. As such, no response is being provided.

**Ruling:**

Plaintiff has not explained how the first and middle names of the defendants that have been served – that is, Defendants Jones, Moore, Burns, Dava, Kim, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Roth, Tumayo, Urbano, Vicente, Casio, Cisneros, and Coronado – are necessary to this action. These defendants have submitted to the jurisdiction of the Court and Plaintiff suffers no impediment by proceeding against them under only their last names. Although Plaintiff asserts that he needs this information in order to get other information from an outside agency, he does not explain what information he hopes to obtain from the outside agency, how the information is necessary to prove his case, or whether he has attempted to obtain this information using only the information he currently has, i.e., Defendants' first initials and last names. While having full names could possibly aid Plaintiff in discovery, Plaintiff has not explained how. Defendants' objections with respect to these defendants are sustained. The Court will not compel further responses regarding these defendants.

Defendants' objections regarding Defendants Campos, Zakari, Bastianon, Edmonds, and Raygoza are far less persuasive. The identity of these defendants is clearly relevant, and Plaintiff has a need for the information since the California

5

1 Department of Corrections and Rehabilitation ("CDCR") and United States Marshals
2 have been unable to identify or locate these defendants using only their first initials and
3 last names. Without further information concerning these defendants' identities, it is likely
4 that Plaintiff's claims against them will be dismissed.

5 Further, the interrogatory is not vague, ambiguous, or compound. It clearly and
6 plainly seeks the full names of the defendants in this action. Nor is it overbroad, given
7 that it is limited to the named defendants.

8 Defendants imply, but do not affirmatively state, that they may not know the
9 information requested. Of course, the Court cannot require Defendants to provide
10 information they do not have. However, Defendants are obligated to respond to the
11 interrogatories to the fullest extent possible. See Fed. R. Civ. P. 33(b)(3). In light of
12 Defendants' ambiguous objection, the Court is not convinced that the responding
13 defendants have no means available to obtain the names of the unserved defendants.

14 Finally, the Court acknowledges that prison employees may have legitimate
15 safety and security reasons for withholding their full names from inmates in many
16 circumstances. However, Defendants' vague references to safety concerns and privacy
17 rights do not suffice to shield them from providing relevant and necessary discovery in
18 this case. See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist.
19 of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (a bare assertion of privilege does not
20 suffice to claim a privilege). In their opposition, Defendants' also rely on Title 15, § 3400
21 of the California Code of Regulations, which prohibits "undue familiarity" between prison
22 employees and inmates, and prohibits prison employees from discussing their "personal
23 affairs" with inmates. However, Defendants ignore Title 15, § 3004(a), which specifically
24 permits prison employees to share their first names with inmates. In any event, discovery
25 in federal court is not governed by state prison regulations regarding employees' on-the-
26 job conduct. Defendants' citation to § 3400 as a shield to discovery of Defendants'
27 names lack merit.

28

Lastly, given that the CDCR has been unable to locate or identify the unserved defendants – who apparently are or were their own employees – Defendants' concern that unspecified, hypothetical inmates will be able to locate these defendants and threaten their safety seems overstated. This is particularly true for Defendant Zakari, who allegedly is a medical doctor, and whose information therefore should be publically available through the state medical board.

Accordingly, Defendants' objections to Interrogatory No. 3 are overruled as to Defendants Campos, Zakari, Bastianon, Edmonds, and Raygoza, but sustained as to all other defendants. The Court will grant in part Plaintiff's motion to compel, and will require Defendants to make a further response to Interrogatory No. 3 within thirty days. However, to the extent Defendants are able to articulate more concrete safety or privacy concerns regarding disclosure of the unserved defendants' full names, they may seek leave of the Court to provide the unserved defendants' full names and last known contact information directly to the U.S. Marshal, rather than providing a further response to Plaintiff.

### 2.     Interrogatories Nos. 2, 4, 5, and 6

**Interrogatory No. 2:**

> Identify all documents that will provide me with the correct spelling of your first name & middle name & send them to me.

**Response:**

> Objection. This interrogatory is vague and ambiguous, and compound. The interrogatory is also overly broad and burdensome as it seeks the identification and production of "all documents." Further, because plaintiff is a convicted and incarcerated felon, the disclosure of the information which the interrogatory seeks may jeopardize the safety and security of the responding party. The interrogatory also seeks information that may violate privacy rights. To the extent that the interrogatory seeks information and documents contained in personnel files, the interrogatory requests information that is subject to the official information privilege, critical self-analysis privilege and deliberative process privilege. Further,

7

> the interrogatory is not a proper interrogatory under Rule 33 of the Federal Rules of Civil Procedure in that it improperly seeks the production of documents. As such, no production is being made, and no response is being provided.

**Ruling:**

Defendants' objections are sustained. Plaintiff has not shown that the responding defendants' first and middle names are relevant for the reasons stated above. Additionally, to the extent the interrogatory seeks "all documents" containing the responding defendants' first and middle names, it is overbroad and burdensome.

**Interrogatory No. 4:**

> Identify all documents that will provide me with the correct spelling of all defendants first & middle name & send those documents to me.

**Response:**

> Objection. This interrogatory is vague and ambiguous, and compound. The interrogatory is also overly broad and burdensome as it seeks the identification and production of "all documents." Further, because plaintiff is a convicted and incarcerated felon, the disclosure of the information which the interrogatory seeks may jeopardize the safety and security of the other defendants. The interrogatory also seeks information that may violate privacy rights of those defendants. To the extent that the interrogatory seeks information and documents contained in personnel files, the interrogatory request information that is subject to the official information privilege, critical self-analysis privilege and deliberative process privilege. Further, the interrogatory is not a proper interrogatory under Rule 33 of the Federal Rules of Civil Procedure in that it improperly seeks the production of documents. As such, no production is being made, and no response is being provided.

**Ruling:**

Defendants' objections are sustained. In seeking "all documents" that contain the Defendants' first and middle names, the request is overly broad and burdensome.

8

**Interrogatory No. 5:**

> Theres 23 defendants in this case, Send me all of their first names & their middle names on documents proving the correct & true spelling of their first & middle name

**Response:**

> Objection. This interrogatory is vague and ambiguous, overly broad and burdensome, and unintelligible. The interrogatory is also compound and assumes facts not in evidence. Further, the interrogatory is not a proper interrogatory under Rule 33 of the Federal Rules of Civil Procedure in that it improperly seeks the production of documents. As such, no production is being made.

**Ruling:**

Defendants' objections are sustained. It is unclear what documents Plaintiff seeks. The interrogatory therefore is vague and ambiguous.

**Interrogatory No. 6:**

> Send me a true and correct copy of the citation & violation report & the amount of the citation for appeal Log # COR-08-00278 & COR-09-00246 June 13-2008 & the agency that did the report send me their name & address.

**Response:**

> Objection. This interrogatory is vague and ambiguous, and overly broad and burdensome. The interrogatory is also compound and assumes facts not in evidence. Further, the interrogatory is not a proper interrogatory under Rule 33 of the Federal Rules of Civil Procedure in that it improperly seeks the production of documents. As such, no production is being made.

**Ruling:**

Defendants' objection that the interrogatory is compound, assumes facts not in evidence, and improperly seeks the production of documents is overruled. These are the type of boilerplate, hyper-technical objections that the Court looks on with disfavor, Haney, 2010 WL 3341939 at *3, and which do not meet Defendants' obligation to state their objections with particularity, Fed. R. Civ. P. 33(b)(4). Additionally, although

Defendants responded that the interrogatory is vague and ambiguous, their opposition acknowledges that the interrogatory relates to an inmate appeal. (ECF No. 185 at 4.) Accordingly, Defendants' objections are overruled. Defendants are ordered to make a further response to Interrogatory No. 6 within thirty days.

### III.     MOTION TO APPOINT COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Accordingly, the court will deny Plaintiff's motion for the appointment of counsel without prejudice.

### IV. ORDER TO SHOW CAUSE

In light of the Court's ruling that Defendants be required to provide a further response to Interrogatory No. 3, the Court will discharge the order to show cause.

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to compel (ECF No. 184) is GRANTED IN PART;
2. Defendants shall provide a further response to Interrogatory Nos. 3 and 6 within thirty (30) days of the date of this order;
3. Plaintiff's motion to appoint counsel (ECF No. 196) is DENIED without prejudice;
4. The Court's order to show cause (ECF No. 195) is discharged.

IT IS SO ORDERED.

Dated: August 19, 2014        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE