UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>            Plaintiff,<br><br>     v.<br><br>D. ADAMS, et al.,<br><br>            Defendants. | CASE NO. 1:08-cv-1065-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**(ECF No. 200)** |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's Eighth Amended Complaint and found that it stated a cognizable claim against Defendants Jones, Moore, Burns, Dava, Kim, Edmonds, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Raygoza, Roth, Tumayo, Urbano, Vicente, Zakari, Bastianon, Campos, Casio, Cisneros, and Coronado for violation of Plaintiff's rights under the Eighth Amendment. (ECF No. 160.)

Before the Court is Plaintiff's August 29, 2014 motion to compel discovery (ECF No. 200), opposed by Defendants Jones, Moore, Burns, Dava, Kim, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Roth, Tumayo, Urbano, Vicente,

1  Casio, Cisneros, and Coronado (ECF No. 204). The time for filing reply documents has
2  passed and none were filed.

3  **II.    LEGAL STANDARD**

4  The discovery process is subject to the overriding limitation of good faith. Asea,
5  Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain
6  discovery regarding any nonprivileged matter that is relevant to any party's claim or
7  defense, and for good cause, the Court may order discovery of any matter relevant to
8  the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information
9  need not be admissible at the trial if the discovery appears reasonably calculated to lead
10 to the discovery of admissible evidence. Id.

11 Objections by the responding party must be stated with specificity. Fed. R. Civ. P.
12 34(b)(2)(C); see Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 356 (D. Md.
13 2008) (boilerplate objections waived any legitimate objections responding party may
14 have had); Chubb Integrated Sys., Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 58
15 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did
16 not fulfill party's burden to explain its objections); Pulsecard, Inc. v. Discovery Card
17 Servs., Inc., 168 F.R.D. 295, 310 (D. Kan.1996) (objection on grounds of vagueness and
18 ambiguity overruled if terms and phrases used in interrogatories are susceptible to
19 ordinary definitions). The responding party shall use common sense and reason in its
20 responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably
21 by the court. Haney v. Saldana, No. 1:04-cv-05935-AWI-SmS-PC, 2010 WL 3341939, at
22 *3 (E.D. Cal. Aug. 24, 2010).

23 Generally, if the responding party objects to a discovery request, the party moving
24 to compel bears the burden of demonstrating why the objections are not justified. E.g.,
25 Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan.
26 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4
27 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which
28

discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

### III.   ANALYSIS

Harrison asserts that he served Defendant Kim with a request for production of documents relating to Harrison's medical records and that Kim refused to provide the records. (ECF No. 200.) Defendants argue that they properly responded to Harrison's request by stating that the requested documents already had been produced. (ECF No. 204.) According to Defendants, the requested documents were produced "several years ago." (Id. at 3.)

Harrison's motion to compel was filed on August 29, 2014, more than a month after the deadline for filing motions to compel set out in the Court's second discovery and scheduling order. (ECF No. 169.) Even if timeliness was not in issue, the motion lacks merit for the reasons discussed below.

**Request:**

> produce and and all documentation where you had any contact with plaintiff from 4-20-07 to 12-31-2007 on medical visits, medical rounds any and all contact what so ever by sight, sound paper, or documentation.

**Response:**

> Objection. This request is vague and ambiguous, overly broad, burdensome and compound. The request also assumes facts not in evidence. Without waiving these objections, defendant responds as follows:

3

> Defendant has already produced documents from plaintiff's prison medical file (Bates Nos. CDCR 0035-00525) that refer to medical treatment which defendant provided to plaintiff.

**Ruling:**

Having considered the motion and Defendants' opposition and the relevant discovery request and response, the Court will deny Plaintiff's motion to compel. Defendants assert that they have already produced the requested records, and Plaintiff does not argue otherwise. Requiring Defendants to produce the same records again in response to Plaintiff's request to Defendant Kim is burdensome and would serve no legitimate purpose. See Fed. R. Civ. P. 26(b)(2)(C)(iii).

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY DENIES Plaintiff's motion to compel (ECF No. 200).

IT IS SO ORDERED.

Dated:   September 29, 2014         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE