UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>D. ADAMS, et al.,<br><br>Defendants. | Case No.  1:08-cv-1065-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANTS ZAKARI, BASTIANON, EDMONDS, AND RAYGOZA FOR INSUFFICIENT INFORMATION TO EFFECT SERVICE OF PROCESS (ECF No. 227)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  The action proceeds against Defendants Jones, Moore, Burns, Dava, Kim, Edmonds, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Raygoza, Roth, Tumayo, Urbano, Vicente, Zakari, Bastianon, Casio, Cisneros, Campos, and Coronado on Plaintiff's Eighth Amendment claims.  (ECF No. 160.)

Service on Defendants Zakari, Bastianon, Edmonds, and Raygoza was returned unexecuted. (ECF Nos. 177, 179, 193 & 194.) In July 2014, Plaintiff was ordered to show cause why these Defendants should not be dismissed for failure to provide sufficient information for the Marshals to serve the summons and complaint. (ECF No.

195.)  Plaintiff responded and requested additional time to obtain responses to a pending motion to compel discovery of the full names of these Defendants (ECF Nos. 197 & 198.)  The Court granted Plaintiff's motion to compel in part and discharged the order to show cause. (ECF No. 199.)

After Plaintiff failed to take further steps to effect service on Zakari, Bastianon, Edmonds, and Raygoza, the Court ordered him a second time on March 17, 2015 to show cause why these Defendants should not be dismissed. (ECF No. 227.)  Plaintiff has failed to respond to the Order to Show Cause, and the time period to do so has passed.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. . . "  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate.  Id., at 1421-22.

2

Here, Plaintiff has not offered any explanation why he has not and cannot provide information sufficient to effect service of process upon Defendants Zakari, Bastianon, Edmonds, and Raygoza. The obligation to do so is on Plaintiff, not Defendants. <u>Id.</u> Absent additional information about said Defendants' whereabouts, further attempts at service would be futile, and it appears that no further information will be forthcoming.

Accordingly, for the reasons stated, the undersigned FINDS that the avenues available to locate and serve Defendants Zakari, Bastianon, Edmonds, and Raygoza have been exhausted and RECOMMENDS that all four Defendants be dismissed from this action without prejudice.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 27, 2015            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

3