1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. HARRISON,

Plaintiff,

v.

D. ADAMS, et al.,

Defendants.

Case No.  1:08-cv-1065-AWI-MJS (PC)

**ORDER:**

1) **GRANTING DEFENDANTS' MOTION
   TO QUASH SERVICE OF PROCESS
   ON CORRECTIONAL OFFICERS
   CAMPOS AND JOHNSON (ECF No.
   201)**
2) **FOR PLAINTIFF TO SHOW CAUSE
   WHY DEFENDANT SW CAMPOS
   SHOULD NOT BE DISMISSED**
3) **FOR DEFENSE COUNSEL TO
   PROVIDE THE LAST KNOWN
   CONTACT INFORMATION FOR
   DEFENDANT LPT JOHNSON**

        Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil

rights action brought pursuant to 28 U.S.C. § 1983.   The action proceeds against

Defendants Jones, Moore, Burns, Dava, Kim, Edmonds, Galvan, C. Gonzalez, M.

Gonzalez, Johnson, O'Neal, Parsons, Raygoza, Roth, Tumayo, Urbano, Vicente, Zakari,

Bastianon, Casio, Cisneros, Campos, and Coronado on Plaintiff's Eighth Amendment

claims.  (ECF No. 160.)

1

## I.    MOTION TO QUASH

On September 18, 2014, Defendants moved to quash service on correctional officers

(COs) Campos and Johnson and to dismiss them pursuant to Fed. R. Civ. P. 12(b)(5) on

the ground of insufficient service of process.  (ECF No. 201.)  Defendants assert that the

Litigation Coordinator mistakenly accepted service on behalf of COs Campos and

Johnson, when in fact Plaintiff's claims of deliberate indifference implicated Social

Worker (SW) Campos and Licensed Psychiatric Technician (LPT) Johnson.  Neither SW

Campos nor LPT Johnson was still employed with CDCR at the time the Coordinator

mistakenly accepted service. (ECF No. 201, at 8, 12.)  The Coordinator's subsequent

attempts to contact SW Campos by mail and phone were unsuccessful. (Id., at 8.)

Meanwhile, the Coordinator was unable to locate an authorization by LPT Johnson

permitting acceptance of service on his/her behalf.  (Id., at 12.)  The Coordinator did not

indicate whether or not any efforts were made to contact LPT Johnson.

Where service of process has been challenged, the plaintiff bears the burden of

establishing that service was valid. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir.

2004); Reddick v. Troung, No. CV 07-6586 2008 WL 2001915, at *4 (C.D. Cal. May 5,

2008).  Here, Plaintiff has not opposed or objected to Defendants' motion to quash, nor

has he otherwise established that service on the COs Campos and Johnson was proper.

Therefore, the Court will grant Defendants' motion to quash as to both COs Campos and

Johnson.

## II.    ORDER FOR PLAINTIFF TO SHOW CAUSE

Service on Defendant SW Campos was returned unexecuted on October 21, 2014.

(ECF No. 214.) Plaintiff does not appear to have taken any additional steps to effect

service on SW Campos in the six months since.

2

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "An incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. . . "  <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by* <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  <u>Id.</u> (internal quotations and citation omitted).

However, where a *pro se* plaintiff fails to provide the Marshals Service with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. <u>Walker</u>, 14 F.3d at 1421-1422.

Here, the Marshals Service has exhausted the avenues available to it to locate and serve Defendant Campos. Accordingly, the Court orders Plaintiff to show cause why Campos should not be dismissed for insufficient service of process. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds without showing cause, the Court will recommend that Defendant Campos be dismissed from the action without prejudice.

3

### III.   ORDER FOR DEFENSE COUNSEL TO PROVIDE LPT JOHNSON'S FULL NAME AND LAST KNOWN ADDRESS

Defendants asserted in their motion to quash that there was no LPT Johnson currently working at Corcoran, and that LPT Johnson had not completed a form authorizing the Litigation Coordinator to accept service on his/her behalf. (ECF No. 201, at 12.) However, Defendants have not indicated whether or not they have LPT Johnson's full name or any address on file, or whether there was any CDCR employee meeting Plaintiff's description.

The Court previously allowed Defendants to avoid the obligation to provide Defendant Johnson's full name because they had accepted service, albeit mistakenly, on behalf of him/her. (ECF No. 199, at 5.)  The Court at that time explained that "Plaintiff suffer[ed] no impediment by proceeding against [Defendants] under only their last names." (Id.)

Here, however, the impediment to Plaintiff's ability to proceed with discovery is clear. The only way for Plaintiff to effect service on LPT Johnson is with additional information regarding his/her identity and whereabouts.

Accordingly, the Court will order defense counsel to provide LPT Johnson's full name and last known address to Plaintiff and to file a certificate of compliance with the Court.

### IV.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' Motion to Quash (ECF No. 201) is GRANTED as to COs Campos and Johnson;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant SW Campos should not be dismissed from this action;

4

3. If Plaintiff fails to respond to this order or fails to show cause, the Court will recommend that Defendant SW Campos be dismissed from this action without prejudice; and

4. Within **thirty (30) days** from the date of service of this order, Defense Counsel shall provide Defendant LPT Johnson's full name and last known address to Plaintiff and shall file a certificate of compliance with the Court.

IT IS SO ORDERED.

Dated:   __April 27, 2015__                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

5