UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>  Plaintiff,<br><br>  v.<br><br>T. MOORE, et al.,<br><br>  Defendants. | Case No. 1:08-cv-1065-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT SW CAMPOS FOR INSUFFICIENT INFORMATION TO EFFECT SERVICE OF PROCESS (ECF No. 233)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  The action proceeds against Defendants Jones, Moore, Burns, Dava, Kim, Edmonds, Galvan, C. Gonzalez, M. Gonzalez, Johnson, O'Neal, Parsons, Raygoza, Roth, Tumayo, Urbano, Vicente, Zakari, Bastianon, Casio, Cisneros, Campos, and Coronado on Plaintiff's Eighth Amendment claims.  (ECF No. 160.)

Defendants moved to quash service on Campos after realizing that that the Litigation

Coordinator had mistakenly accepted service on behalf of a Correctional Officer Campos, when Plaintiff's claims were in fact directed at Social Worker (SW) Campos. (ECF No. 201.) SW Campos had since left employment with CDCR, and the Litigation Coordinator's subsequent attempts to contact him/her were unsuccessful (Id.) Service on Defendant Campos was returned unexecuted on October 21, 2014. (ECF No. 214.) Plaintiff made no further efforts to serve SW Campos.

The Court granted the motion to quash service on Campos and ordered Plaintiff to show cause why Campos should not be dismissed for insufficient service of process under Fed. R. Civ. P. 4(m).  (ECF No. 233.) Plaintiff responded to the Order to Show Cause by acknowledging that he did "not have any new information to give the U.S. Marshals" regarding SW Campos's name and address. (ECF No. 235.)  He requests the Court to "stay the unserved defendants until we can get them served", i.e.,  for an indeterminate amount of time.

## II.    ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause justifying an extension of the 120-day deadline may be found in a number of circumstances: for instance, when an incarcerated Plaintiff has provided the Marshals with "information necessary to identify the defendant," but the Marshals nonetheless fail to effect service, Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995); willful misrepresentations of a defendant's identity by prison officials or defendants' counsel,

2

McGuckin v. Smith, 974 F.2d 1050, 1058 (9th Cir. 1992), *overruled on other grounds by* WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); excusable neglect on the part of Plaintiff, In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001); evidence that the unserved defendant was nonetheless on notice of the suit against him or her; lack of prejudice to defendant; or "severe prejudice" to Plaintiff. Id. However, lack of legal training or *pro se* status does not constitute good cause. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007); Matasareanu v. Williams, 183 F.R.D. 242, 246 (C.D. Cal. 1998). Nor does a bare statement by the plaintiff that he or she tried and failed to effect service. Efaw, 473 F.3d at 1040 n. 1.

Here, Plaintiff has not shown cause to justify an extension. He does not have correct information relating to Campos to give to the Marshals, does not allege that SW Campos is aware of this lawsuit, pleads no facts suggesting that delay in service was excusable, does not indicate that he would be prejudiced by dismissal or that Defendants would not be prejudiced by an open-ended extension of time for service, and does not suggest that Defendants misrepresented their failed efforts to contact SW Campos. Moreover, the discovery deadline passed 10 months ago; giving Plaintiff more time to uncover Campos' true contact information seems pointless. Therefore, the Court will recommend that SW Campos be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

### III.     CONCLUSION & RECOMMENDATIONS

The undersigned FINDS that Plaintiff has failed to show good cause why Defendant SW Campos should not be dismissed, and RECOMMENDS that Campos be dismissed from this action without prejudice.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

3

Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 12, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

4