1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

MICHAEL D. HARRISON,

Case No. 1:08-cv-01065-AWI-MJS (PC)

11
                    Plaintiff,

**ORDER DENYING MOTIONS FOR**
12                                          **APPOINTMENT OF COUNSEL**
             v.

13   D. ADAMS, et al.,                      **(ECF Nos. 251 & 252)**

14                    Defendants.

15
16
17
        On June 29 and July 1, 2015, plaintiff filed two consecutive motions for

18   appointment of counsel. (ECF Nos. 251 & 252).

19      Plaintiff does not have a constitutional right to appointed counsel in this action,

20   Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an

21   attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United

22   States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional

23   circumstances the court may request the voluntary assistance of counsel pursuant to

24   section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of

25   securing and compensating counsel, the court will seek volunteer counsel only in the

26   most serious and exceptional cases. In determining whether exceptional circumstances

27   exist, the district court must evaluate both the likelihood of success of the merits and the

28   ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal

1

issues involved. Id. (citations omitted).

These two motions for appointment of counsel constitute Plaintiffs nineteenth and twentieth such motions in this case.  For the same reason the Court denied Plaintiff's previous eighteen motions for appointment of counsel, *viz.*, an absence of exceptional circumstances, the Court will now deny the instant motions.  While Plaintiff may not be well-versed in the law, his case is not exceptional.  The Court currently has approximately 1,000 such cases, and all but a few are being pursued by unrepresented inmates without a legal education.  At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  He has indeed successfully litigated this case through screening, motions to dismiss, and a motion for summary judgment.  Plaintiff claims that his mental health status is deteriorating and that he therefore needs counsel.  However, Plaintiff neither supports these claims, nor details how his particular mental health issues affect his ability to litigate this case. Plaintiff presently faces no pending deadlines in this case. (He may request an extension of time if he has trouble meeting deadlines in the future.)

Plaintiff's motion for counsel shall be denied. In addition, **Plaintiff is to cease filing such redundant motions.** Given their duplicative nature and the Court's enormous caseload, the Court **will not** entertain another motion for appointment of counsel unless it contains new, unique and compelling reasons for revisiting the issue. Another repetitive motion for appointment of counsel likely will result in **sanctions** being imposed on Plaintiff, to include monetary sanctions, sanctions striking all or part of his claims, or the like. See Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its own docket, the Court may impose sanctions).

The Court may reevaluate the propriety of appointing counsel if and when Plaintiff's case proceeds to trial.

2

For the foregoing reasons, Plaintiff's motions for the appointment of counsel are also HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   July 8, 2015                          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

3