UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>                    Plaintiff,<br><br>     v.<br><br>T. MOORE, et al.,<br><br>                    Defendants. | Case No.  1:08-cv-1065-AWI-MJS (PC)<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 247)** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  The action proceeds against Defendants Moore, Davis-Jones, Rabaino-Burns, Dava, Kim, Galvan, C. Gonzalez, M. Gonzalez, O'Neal, Parsons, Roth, Tumayo, Urbano, Vicente, Casio, Cisneros, and Coronado on Plaintiff's medical indifference claims. Doc. 160.[1]  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On June 18, 2015, the Magistrate Judge issued Findings and Recommendations to grant in part and deny in part Defendants' motion for summary judgment.  Doc. 247.

---

[1] Service was recently reattempted on Defendant Johnson.  Doc. 256.  Defendants Bastianon, Zakari, Edmonds and Raygoza have not been served in this action and have not otherwise appeared in it.  Docs. 238 and 245.

Defendants filed objections to the Findings and Recommendations on July 2, 2015. Doc. 254. Plaintiff filed objections to the Findings and Recommendations on July 28, 2015. Doc. 260. Defendants object to the recommendation to deny summary judgment to Defendants Davis Jones and the mental health defendants, and to the recommendation to deny qualified immunity to these defendants. Plaintiff objects to the recommendation to grant summary judgment to Defendants Moore, Kim, and Dava, as well as to the mental health defendants after the period of April 20-May 3, 2007.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds that the June 18, 2015 Findings and Recommendations are supported by the record and by proper analysis. The Court accordingly adopts all parts of the Findings and Recommendations except for the recommendation regarding Defendant Moore as Plaintiff sufficiently clarified his allegations against Defendant Moore in his objections (submitted in the form of a declaration signed under penalty of perjury). The Court addresses the parties' objections below.

## I. DEFENDANTS' OBJECTIONS

### A. Nurse Davis Jones

The Court rejects Defendants' contention that there is no issue of disputed fact regarding whether Nurse Davis Jones violated the Eighth Amendment. To the contrary, Davis Jones' alleged refusal to examine or refer Plaintiff for further treatment despite his complaints of severe pain and the visible swelling and bruising of his arm; and her peremptory statement that if he could move his arm, "it ain't broke," if true, indicate that she consciously disregarded obvious signs of serious injury, and failed to provide a minimally competent level of care. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th

2

Cir. 1992), *overruled on other grounds by* WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989); Moore v. Thomas, 653 F.Supp.2d 984, 1000 (N.D. Cal. 2009).

**B. Mental Health Staff: Psychologist Roth, Correctional Counselor Cisneros, LPTs Parsons, M. Gonzalez, C. Gonzalez, Galvan, Casio, O'Neal, Coronado, and Tamayo[2]**

The Court also rejects Defendants' objections that there is no issue of disputed fact regarding whether the mental health defendants violated the Eighth Amendment. Taken as true, Plaintiff's allegations that he complained of arm pain to every single mental health staff member with whom he interacted, that the bruising and swelling in his arm was plainly visible, that none of the mental health defendants responded to his complaints, and that they falsified their records, state a claim of medical indifference. See McGuckin, 974 F.2d at 1060; M.H. v. Cnty. of Alameda, 62 F.Supp.3d 1049, 1077-1078 (N.D. Cal. 2014) (intake nurse potentially liable for deliberate indifference where she knew of decedent's risk factors for alcohol withdrawal, but failed to ensure he received follow up care, and may have falsified records).

Although some of the above Defendants may not have interacted with Plaintiff between April 20 and May 3, Defendants have not at this stage shown an absence of disputed fact as to any Defendant in particular. Therefore the Court finds there remain issues of disputed fact regarding which Defendants allegedly ignored Plaintiff's claims of severe pain and visible signs of injury between April 20 and May 3, 2007. The fact that Plaintiff received an ice pack and some ibuprofen on the day of his injury does not

---

[2] As noted, Psychiatrist Zakari and LPTs Edmonds, Raygoza, Johnson, and Bastianon have not been served or appeared in this action. The claims against them are not addressed in the Findings and Recommendations.

3

absolve mental health defendants of potential liability under the Eighth Amendment for the two-week period that followed. An ice pack would be of limited use after a few hours, and Defendants do not indicate they were aware Plaintiff was taking ibuprofen. Defendants provide no authority for their contention that non-treating prison staff are entitled to assume that inmates are already receiving adequate care, and the Court has found none. See Estate of Prasad ex rel. Prasad v. Cnty. of Sutter, 958 F.Supp.2d 1101, 1113 (E.D. Cal. 2013) (sheriff's deputies who ignored medical instructions were not justified in believing decedent "was in capable hands" even though he was receiving some treatment from medical staff).

### C. Qualified Immunity

The Court rejects Defendants' argument that they are entitled to qualified immunity. It is clearly established that both medical and non-medical staff may be held liable for failing to respond to an inmate's complaints of pain and requests for medical assistance. See Erickson v. Pardus, 551 U.S. 89, 90 (2007); Estate of Prasad ex rel. Prasad v. Cnty. of Sutter, 958 F.Supp.2d 1101, 1112 (E.D. Cal. 2013). It is also clearly established that prison staff may violate the Eighth Amendment not only by failing to provide care altogether but by providing care that is medically unacceptable. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012), *overruled on other grounds by* Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014); Ortiz, 884 F.3d at 1314. Accepting Plaintiff's allegations as true, reasonable prison staff in Davis Jones' and the mental health Defendants' positions would have known that ignoring an inmate's visible injury and complaints of pain was unlawful.

## II. PLAINTIFF'S OBJECTIONS

### A. Defendant Moore

4

Plaintiff clarifies for the first time in his objections (submitted in the form of a declaration made under penalty of perjury) that Moore was present at his cell-front when Defendant Davis-Jones told Plaintiff that if he could move his arm, it was not broken. Plaintiff states that "they both left me to suffer. So Sgt. Moore is just as guilty as T. Davis Jones." Doc. 260, at 2. Plaintiff also states that "when I showed [Moore] my broken arm and asked for help, he refused, knowing I was hurt." Id. It is unclear when this subsequent refusal took place. Taking as true Plaintiff's allegations that his arm was visibly swollen and bruised, that he complained of severe pain, and that Moore knew Plaintiff had been in a fight, there is an issue of disputed fact regarding whether Defendant Moore acted with deliberate indifference to Plaintiff's serious medical needs when Moore refused to seek medical care. See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 904-905 (9th Cir. 2002). Accordingly, the Court does not adopt the Findings and Recommendations with regards to Defendant Moore and will deny summary judgment on this defendant.

**B. Dr. Kim & Nurse Dava**

The Court rejects Plaintiff's argument there are issues of disputed fact regarding whether Defendants Kim and Dava violated his Eighth Amendment rights. As the Magistrate Judge stated in the Findings and Recommendations, medical staff have broad discretion in prescribing medication and determining what care is appropriate. See Doc. 247, at 20-21; see also, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Viewing the facts in the light most favorable to Plaintiff, Defendants have established an absence of evidence to support the claim that Defendant Kim or Defendant Dava knowingly provided care that was medically unacceptable when they failed to prescribe antibiotics and deferred further treatment decisions until follow-up

5

appointments.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### C. Mental Health Defendants

The Court rejects Plaintiff's argument that the mental health defendants caused an unconstitutional delay in medical care for the period from June 6, 2007 through September 1, 2007.  As the Findings and Recommendations noted, Defendant saw medical staff no fewer than 12 times during this three-month period, and his level of care was found to be constitutionally adequate.  Plaintiff's contention that the mental health defendants could have simply called the chief medical officer to have Plaintiff sent to Mercy Hospital is not supported by the facts.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts all parts of the June 18, 2015 Findings and Recommendations (Doc. 247) except for the recommendation regarding Defendant Moore;
2. Defendants' motion for summary judgment (Doc. 202) is GRANTED as to Defendants Rabaino-Burns, Kim, and Dava; and
3. Defendants' motion for summary judgment (Doc. 202) is DENIED as to Defendants Moore, Davis-Jones, Urbano, Roth, C. Gonzalez, M. Gonzalez, Casio, Coronado, Cisneros, Galvan, O'Neal, Parsons, and Tamayo.
4. The case is to remain open.

IT IS SO ORDERED.

Dated:   August 25, 2015

SENIOR DISTRICT JUDGE