UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. ADAMS, et al.,<br><br>　　　　Defendants. | Case No. 1:08-cv-01065-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO HELP SERVICE,**<br><br>**DENYING PLAINTIFF'S MOTION TO RETRACT NEWLY REQUESTED DISCOVERY AND SCHEDULING ORDER,**<br><br>**AND**<br><br>**GRANTING PLAINTIFF'S MOTION TO DROP UNSERVED DEFENDANTS**<br><br>**(ECF Nos. 268, 277, and 280)** |

**I.      INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on July 24, 2008, and proceeds on an "Eighth Amended Complaint" filed on October 9, 2012, which, though captioned as such, is in fact his seventh complaint. Pending now are three motions filed by Plaintiff: (1) an October 5, 2015, "Motion to Help Service" (ECF No. 268); (2) a November 23, 2015, "Motion to ReTract Newly Requested Discovery and Scheduling Order" (ECF No. 277); and (3) a December 4, 2015, "Motion to Drop

Unserved Defendants and Proceed with all Served Defendants" (ECF No. 280).

## II. RELEVANT PROCEDURAL HISTORY

Before addressing Plaintiff's motions, the Court reviews relevant procedural history in this case since it is somewhat convoluted given the multiple pleadings filed by Plaintiff and the multiple answers filed by various Defendants at different times.

As screened, Plaintiff's pleading brings suit against: (1) Defendants Jones, Moore, Burns, Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, Zakari, and Roth on Plaintiff's Eighth Amendment medical care claim for failure to treat his broken arm, and (2) Defendants Kim, Dava, Urbano, Campos, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, Zakari, Galvan, Bastianon, Casio, Vicente, Johnson, Raygoza, O'Neal, Coronado, Edmonds, and Tumayo on Plaintiff's Eighth Amendment medical care claim for failure to treat his infection. (See ECF Nos. 145, 154, 160.)

Defendants filed their answers in roughly three phases, and a Discovery and Scheduling Order issued for each phase, as follows:

Phase One: On October 23, 2012, Defendants Jones, Moore, Burns, Kim, and Dava filed an answer (ECF No. 147), and a Discovery and Scheduling Order issued on January 19, 2012 (ECF No. 94). Pursuant to this first scheduling order, the dispositive motion deadline was November 29, 2012.

Phase Two: On November 8, 2013, Defendants Urbano, Parsons, M. Gonzalez, C. Gonzalez, Cisneros, Roth, Galvan, Casio, Vicente, O'Neal, Coronado, and Tumayo filed an answer (ECF No. 167), and a Discovery and Scheduling Order issued on November 19, 2013  (ECF No. 169). Pursuant to this second scheduling order, the dispositive motion deadline was September 29, 2014.

Phase Three: On October 6, 2015, Defendant Johnson filed an answer (ECF No. 269), and a Discovery and Scheduling Order issued on October 21, 2015 (ECF No. 272). Soon thereafter, on November 9, 2015, Defendant Bastianon filed her answer. (ECF No. 275.) Pursuant to this third scheduling order, the dispositive motion deadline is August 29, 2016.

As for the remaining Defendants, Campos was dismissed on June 10, 2015 for insufficient information to effectuate service. (ECF No. 244.) Summons for Defendants Zakari, Raygoza, and Edmonds have recently been returned unexecuted. (ECF Nos. 267, 279, and 283.)

### III.     PLAINTIFF'S MOTIONS

On October 5, 2015, Plaintiff filed a "Motion to Help Service," in which he seeks an order directing Defendants to provide necessary information to effectuate service on Defendants Raygoza, Zakari, and Bastianon. (ECF No. 268.) Since Plaintiff now seeks the dismissal of all unserved Defendants, per his December 4, 2015 "Motion to Drop Unserved Defendants and Proceed with all Served Defendants" (ECF No. 281), Plaintiff's "Motion to Help Service" will be denied as moot, and the unserved Defendants will be dismissed from this action.

Plaintiff also moves the Court to retract the third Scheduling and Discovery Order, issued on October 21, 2015. (ECF No. 277.) Plaintiff argues that since discovery has been conducted and motions for summary judgment been filed and resolved pursuant to the first and second scheduling orders, this matter should proceed to settlement or trial. However, as Defendants correctly point out, the third and most recent scheduling order applies only to Defendants Johnson and Bastianon who appeared late in this action. They are entitled to conduct discovery and file dispositive motions, and the Court will not issue a further scheduling order setting this matter for trial until resolution of any and all dispositive motions relating to Plaintiff's claims against these Defendants. This motion will therefore be denied.

### IV.     <u>CONCLUSION</u>

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's October 5, 2015, "Motion to Help Service" (ECF No. 268) is DENIED as moot;
2. Plaintiff's December 4, 2015, "Motion to Drop Unserved Defendants and Proceed with all Served Defendants" (ECF No. 281) is GRANTED;

3

3. Defendants Zakari, Raygoza, and Edmonds are hereby DISMISSED from this action; and

4. Plaintiff's October 21, 2015, Motion to Retract Scheduling Order (ECF No. 277) is DENIED.

IT IS SO ORDERED.

Dated:   January 27, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE