UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>        Plaintiff,<br><br>    v.<br><br>T. MOORE, ET. AL.,<br><br>        Defendants. | Case No. 1:08-cv-1065-AWI-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AS MOOT<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 312) |

       Plaintiff Michael Harrison is a state prisoner who proceeded pro se in this ***closed*** civil rights action filed pursuant to 42 U.S.C. § 1983. Specifically, on July 22, 2016, the Court directed the Clerk of Court to close the action based upon the parties' notice of voluntary dismissal with prejudice under Fed. R. Civ. P. 41 (a)(1)(A)(ii). (Doc. No. 311). Pending before the Court is Plaintiff's "Motion Request for Settlement Payment," filed 67 months later on February 24, 2022, in which Plaintiff claims he has not received the settlement monies agreed upon in the settlement agreement reached in this case. (Doc. No. 312). The Court, noting it retained jurisdiction to enforce the settlement agreement, construed Plaintiff's pro se motion as a motion to enforce the settlement agreement and directed a response from Defendants. (Doc. No. 313). Defendants filed an opposition, attaching a declaration from attorney Susan E. Coleman in support, as well as the settlement agreement, memorandum from attorney Peter G. Thyberg with

the California Department of Corrections and Rehabilitation Office of Legal Affairs, and Plaintiff's inmate statement report showing a deposit of $2,000.00 on October 25, 2016. (Doc. No. 314). Plaintiff did not file a reply and the time to do so has expired. (*See* docket). Because the facts demonstrate Plaintiff timely received the full amount of the settlement funds set forth in the agreement, the undersigned recommends that the district court deny Plaintiff's construed motion to enforce the settlement agreement as moot.

Plaintiff contends that he did not receive the $3,000.00 settlement payment that Defendants agreed to pay him. (Doc. No. 312). Defendants responded and confirmed a warrant/check for $2,000.00, as agreed to by the parties, was issued on September 27, 2016, and deposited into Plaintiff's trust fund account on October 25, 2016, at his place of institution without any deduction for restitution. (Doc. No. 314 at 2). Defense counsel also attests under oath that the settlement funds were paid in full to Plaintiff on October 25, 2016. (*Id.* at 4). Further, while Plaintiff claims he was owed $3,000.00 as settlement, the settlement agreement attached as an exhibit to Defendants' opposition, which Plaintiff signed, evidences the parties agreed Defendants would pay Plaintiff a total amount of $2,000.00 as a settlement payment. (*Id*. at Exhibit A).

With respect to Plaintiff's claims that he did not timely receive the settlement funds, a review of the docket shows the case settled after a settlement conference on July 6, 2016. (Doc. No. 309). The parties had until July 8, 2016 file dispositional documents with the Court. (*Id*.). On July 6, 2016, Defendants filed an executed stipulation for voluntary dismissal containing both Plaintiff and defense counsel's signatures. (Doc. No. 310). Thus, the parties timely filed dispositional documents with the Court.

Pursuant to the terms of the Settlement and Release, CDCR had 180 days from the date Plaintiff delivered the signed notice of voluntary dismissal, the Settlement Agreement, and completed the Payee Data Form, to pay Plaintiff the settlement amount. (Doc. No. 314 at Exhibit A). While defense counsel did not inform the Court in the opposition the date the completed, signed settlement papers were received, 180 days after the date of the July 6, 2016 Settlement Conference was January 2, 2017. The declaration submitted under oath confirms the settlement

funds were deposited into Plaintiff's account on October 25, 2016, well before the 180 day grace period. (Doc. No. 314 at 4). Moreover, Plaintiff's inmate trust fund account statement provided with Defendants' opposition reflects the settlement funds were deposited in Plaintiff's account on October 25, 2016. (*See* Doc. No. 314 at Exhibit C). Based upon a review of the docket and the uncontroverted evidence submitted by Defendants, Defendants deposited $2,000.00 into Plaintiff's inmate trust fund account <u>before</u> the 180 days expired and did not breach the settlement agreement. Because the settlement funds were timely deposited and received into Plaintiff's inmate trust fund account, there is nothing left in the settlement agreement to enforce.

Accordingly, it is **RECOMMENDED**:

Plaintiff's construed motion to enforce the settlement agreement (Doc. No. 312) be DENIED as MOOT.

**NOTICE TO THE PARTIES**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE