UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>T. MOORE, et al.,<br><br>    Defendants. | Case No. 1:08-cv-01065-AWI-HBK (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S TWO MOTIONS TO ENFORCE SETTLEMENT**<br><br>(Doc. Nos. 312, 315, 316) |

    Plaintiff Michael Harrison is a state prisoner who proceeded pro se in this closed civil rights action filed pursuant to 42 U.S.C. §1983. On July 22, 2016, the Court directed the Clerk of Court to close this action based upon the parties' notice of voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. No. 311.) On February 24, 2022, Plaintiff filed a motion requesting settlement payment. (Doc. No. 315.) Plaintiff claims that he did not receive the settlement monies agreed upon in the settlement agreement. (Doc. No. 312.) The assigned magistrate judge construed Plaintiff's motion as a motion to enforce the settlement agreement. (Doc. No. 313.) Defendants opposed Plaintiff's motion, attached a declaration from attorney Susan E. Coleman in support, as well as the settlement agreement, memorandum from attorney Peter G. Thyberg with the California Department of Corrections and Rehabilitation Office of Legal Affairs, and Plaintiff's inmate statement showing a deposit of $2,000 on October 25, 2016. (Doc. No. 314.) Plaintiff did not file a reply. (*See* docket.)

    The assigned magistrate judge, noting that the Court retained jurisdiction to enforce the settlement agreement, issued a findings and recommendation, recommending that the District

Court deny Plaintiff's construed motion to enforce the settlement agreement as moot because Defendants demonstrated that settlement funds were timely deposited and received into Plaintiff's inmate trust fund account. (Doc. No. 315.)

Plaintiff filed a second motion to enforce the settlement agreement on October 17, 2022. (Doc. No. 316.) In his second motion Plaintiff argues that he did not agree to settle the case for $2,000.00 but agreed to settle the case for $3,000.00. (Id.) He purports that the magistrate judge who held the settlement conference told him he would receive a $3,000.00 settlement. (Id.) Plaintiff acknowledges that he received $2,000.00 in his inmate account but thought it was from a different source, not the result of his settlement with Defendants. (Id.) Nevertheless, Plaintiff agued that he was entitled to $3,000.00. (Id.)

On October 25, 2022, Plaintiff filed objections to the findings and recommendations. (Doc. No. 317.) Plaintiff's objections are similar to his October 17, 2022 Motion and make similar arguments. Notably, Plaintiff provided more background information on why he believed the $2,000.00 was from a different source, not the Defendants. (Id.) Plaintiff also seems to argue that he never saw the settlement agreement prior to signing it and was never served with it. (Id.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations generally to be supported by the record and by proper analysis. A review of the settlement agreement included with their opposition to Plaintiff's February 24, 2022 motion indicates that Plaintiff did in fact sign the settlement agreement, as evidence by his signature. (Doc. No. 314 at 12.) The settlement amount of $2,000.00 also appears on page two of the settlement agreement and has two different sets of initials next to it. (Id. at 7.) Plaintiff admits that he received the $2,000 as required by settlement. Finally, by signing the settlement agreement, Plaintiff certified that he read all the terms of the settlement agreement, understood the terms, and agreed to the terms. (Id. at 12) (stating directly above Plaintiff's signature, "The undersigned have read the foregoing, and fully understand and agree to the terms set forth above.") However, this analysis demonstrates that Defendant has fulfilled his obligations under the settlement agreement. Under those circumstances, the Court finds that the proper course is to

deny both of Plaintiffs' motions on the merits and not as moot.[1]  Otherwise, the Court adopts the Findings and Recommendation in full.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on October 12, 2022 (Doc. No. 315) are adopted as described above;
2. Plaintiff's two motions to enforce the settlement agreement (Doc. Nos. 312, 316) are DENIED;
3. This case remains CLOSED.

IT IS SO ORDERED.

Dated:  October 28, 2022                                    _____
                                                                          SENIOR DISTRICT JUDGE

---

[1] The Court further notes that Plaintiff filed his first motion to enforce the settlement 5 ½ years after signing the settlement, and filed the second motion to enforce over 6 years after signing the settlement.  Apart from other substantive problems, laches and statute of limitations concerns may be implicated.